# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRYON PARFFREY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| PHH MORTGAGE CORPORATION, § | |
| § | |
| Defendant. § | |
| § | CIVIL ACTION NO. 4:21-cv-03151 |
| PHH MORTGAGE CORPORATION, § | |
| § | |
| Defendant/Counter-Plaintiff § | |
| and Third Party Plaintiff, § | |
| § | |
| v. § | |
| § | |
| ANGELINE PARFFREY, § | |
| § | |
| Third Party Defendant, § | |
| § | |
| And BRYON PARFFREY, § | |
| § | |
| Plaintiff/Counter-Defendant. § | |

## AGREED FINAL JUDGMENT

The parties' *Joint Motion for Entry of Agreed Final Judgment* (the "Joint Motion") and the Court's *Order* (the "Order") granting same have resolved all pending claims and defenses in this matter. Entry of this *Agreed Final Judgment* is appropriate under Federal Rule of Civil Procedure 58.

Therefore, in accordance with the Joint Motion and Order, **THE COURT ORDERS AND ADJUDGES** as follows:

1



1. The debt at issue in this action evidenced by the Texas Home Equity Note (the "Note") in the original principal amount of $560,000.00, dated July 12, 2005 and signed by Bryon A. Parffrey ("Plaintiff"), exists and is secured by a lien evidenced by a Texas Home Equity Security Instrument (the "Security Instrument"), also dated July 12, 2005 and signed by Bryon A. Parffrey and Angeline M. Parffrey ("Angeline") (together, Plaintiff and Angeline are referred to herein as the "Parffreys"), and recorded in the real property records of Harris County, Texas;

2. The lien referenced encumbers the real property located at 2610 Tudor Manor, Houston, Texas 77082 (the "Property"), which is more particularly described as follows:

> Lot 3, in Block 1, of ROYAL OAKS COUNTRY CLUB, SECTION SEVEN (7), a subdivision in HARRIS County, Texas, according to the map or plat thereof, recorded at Film Code No. 457094 of the Map Records of HARRIS County, Texas.

3. The Note and Security Instrument are collectively referred to as the "Loan." The Loan is a valid home-equity loan under Article XVI, Section 50(a)(6) of the Texas Constitution and is without recourse for personal liability;

4. PHH Mortgage Corporation ("PHH") is the current servicer of the Loan for Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-W2 ("DBNTC"), the current owner of the Loan. For purposes of this *Agreed Final Judgment*, the term PHH shall mean and include DBNTC, as well as any past or subsequent servicers and/or owners of the Loan;

5. The total amount of debt, damages, and costs owed under the Loan as of July 29, 2022, is $719,712.80, with additional interest accruing in the amount of $13.11 per day thereafter, plus any advances made pursuant to the Security Instrument to protect the security interest in the Property, until the date of this Final Judgment (the "Debt Amount");

BAP A.P.

**THE COURT ALSO ORDERS:**

6. Plaintiff shall take nothing on his claims for relief against PHH, which claims are hereby dismissed with prejudice in their entirety;

7. PHH shall take nothing on its claims against the Parffreys set forth in its *Counterclaim and Third Party Complaint for Judicial Foreclosure* (*see* Docs. 14 and 16), and which claims are here by dismissed with prejudice in their entirety, **EXCEPT THAT PHH SHALL HAVE AND IS HEREBY GRANTED THE FOLLOWING IN REM RELIEF AGAINST THE PROPERTY, AND IT IS SO ORDERED:**

8. Pursuant to Texas Rule of Civil Procedure 309, that PHH recover the Debt Amount with a foreclosure of the lien on the Property in satisfaction of this *Agreed Final Judgment*;

9. Pursuant to Texas Rule of Civil Procedure 309, that an order of sale be issued to the sheriff or constable of Harris County, Texas, directing him/her to seize and sell the Property in satisfaction of this *Agreed Final Judgment*;

10. Pursuant to Texas Rule of Civil Procedure 310, that this *Agreed Final Judgment* shall have all the force and effect of a writ of possession as between PHH, Plaintiff, Angeline, and any person claiming under Plaintiff and/or Angeline by any right acquired pending this suit;

11. Pursuant to Texas Rule of Civil Procedure 310, that the sheriff or other officer executing the order of sale shall proceed by virtue of such order of sale to place the purchaser of the Property sold thereunder in possession thereof within thirty days after the day of sale;

12. That if any surplus remains from the foreclosure sale of the Property after this Final Judgment is fully satisfied, such surplus will be paid in accordance with Texas law;



13. Nothing herein will be construed to constitute a personal liability of the Parffreys and/or a personal Judgment against the Parffreys. PHH will not file this *Agreed Final Judgment* in the deed records of any jurisdiction or attempt to enforce it personally against the Parffreys in any manner. PHH warrants and represents that it has the authority to act for and to bind DBNTC as well as any past or subsequent servicers and/or owners of the Loan for purposes of this *Agreed Final Judgment*.

14. Each party hereto will bear its own costs, expenses and attorneys' fees incurred in this lawsuit.

All relief not expressly granted herein is denied. This is the Court's FINAL JUDGMENT. It disposes of all issues, claims, defenses, controversies, and disputes between and among the Parffreys and PHH.

SIGNED this _____ day of _____, 2022.

_____
UNITED STATES DISTRICT JUDGE

4



APPROVED AS TO FORM AND CONTENT:

_____
Pro se Bryon Parffrey, Plaintiff and Counter-Defendant

_____
Pro se Angeline Parffrey, Third Party Defendant

_____
Attorney for PHH Mortgage Corporation,
Defendant, Counter-Plaintiff, Third Party Plaintiff

5